124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Dale DAVIDSON, Defendant-Appellant.
 No. 96-35881.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997**
Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief Judge, Presiding
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Dale Davidson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Davidson contends that the district court erred by denying his motion for several reasons. We review de novo a district court's decision on a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Davidson contends that the district court was required to reduce his sentence pursuant to Amendment 484 of the Sentencing Guidelines because "waste water" was used in calculating the production capacity of his methamphetamine laboratory.
 
 
 4
 The district court determined that Davidson was not entitled to a sentence reduction, because he was sentenced according to the production capacity of the methamphetamine laboratory, not the quantity of drugs found in a "mixture or substance". See U.S.S.G. § 2D1.1, comment. (n.12)(1993); United States v. Innie, 77 F.3d 1207, 1208 (9th Cir.1996).
 
 
 5
 Assuming that we have jurisdiction to review this claim, we agree with the district court that Davidson cannot prevail because his sentence was calculated using the production capacity of his methamphetamine laboratory, not using the quantity of drugs found in a "mixture or substance." Moreover, the record belies Davidson's claim that the government used "waste water" to calculate the production capacity of his laboratory.
 
 
 6
 Next, Davidson contends that the government violated his due process rights, under Brady v. Maryland, 373 U.S. 83 (1963), by destroying the contents of his methamphetamine laboratory without allowing him an opportunity to perform an independent analysis of the volume and quantity of the solutions in the containers. This claim lacks merit because the government gave Davidson such an opportunity. See id. at 87.
 
 
 7
 Davidson also contends that the government failed to prove by a preponderance of the evidence that the type of methamphetamine manufactured was d-methamphetamine, instead of 1-methamphetamine. See United States v. Dudden, 65 F.3d 1461, 1460 (9th Cir.1995) (government has to prove by preponderance of the evidence that the drug involved was d-methamphetamine). This contention fails because the government introduced testimony from the chemist who conducted the chemical analysis, Davidson's methamphetamine recipe, and an affidavit from DEA forensic chemist, Roger Ely, stating that the drug produced was d,1 methamphetamine. Accordingly, the government met its burden of proof, see id., and the district court did not err by sentencing Davidson according to the guidelines for d-methamphetamine, see United States v. Scrivner, 114 F.3d 964, 970 (9th Cir.1997).
 
 
 8
 Davidson contends that counsel was ineffective for failing to investigate or raise the above issues on appeal. This contention lacks merit.
 
 
 9
 To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. See Strickland v. Washington, 466 U.S 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697.
 
 
 10
 Here, the district court noted that Davidson conceded on direct appeal that his attorney provided effective representation. Additionally, counsel strategically decided to challenge the laboratory production calculation by attacking the manner in which the samples were collected and flaws in the chemist's equations, instead of introducing evidence on the reaction of chemicals in the aluminum keg. See id. at 691. Moreover, Davidson has not shown that he was prejudiced by counsel's performance. See id. at 688.
 
 
 11
 Finally, Davidson contends that the district court erred by not holding and evidentiary hearing to decide the claims discussed above. Because none of Davidson's allegations state a claim for relief, the district court did not abuse its discretion by refusing to hold an evidentiary hearing. See Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam)
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3